*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PIUS OMOREGHA,

        Plaintiff-Appellee,

v

KEHINDE OMOREGHA,

        Defendant-Appellant.

UNPUBLISHED
May 19, 2025
2:40 PM

No. 366566
Macomb Circuit Court
LC No. 2021-010128-DM

Before: GADOLA, C.J., and MURRAY and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's judgment of divorce. The parties married in 2004. In 2021, plaintiff filed for divorce requesting equitable division of the parties' property and debts. After a lengthy trial, the trial court ordered the sale of the marital home with the proceeds to be divided equally, and ordered the marital portion of the parties' 401k accounts to be divided equally. The trial court found that contrary to defendant's assertions, defendant had not demonstrated that plaintiff owned real property in Nigeria nor that plaintiff had undisclosed assets in a Nigerian bank account. We affirm.

## I. BANK STATEMENTS

Defendant contends that the trial court erred by denying the admission of certain bank statements that defendant submits are records of plaintiff's Nigerian bank account. We review a trial court's decision regarding the admission of evidence for an abuse of discretion, while reviewing preliminary legal questions de novo. *Kuebler v Kuebler*, 346 Mich App 633, 653; 13 NW3d 339 (2023). A trial court abuses its discretion when it chooses an outcome that falls outside the range of principled outcomes, or when it bases its exercise of discretion on an error of law. *Elher v Misra*, 499 Mich 11, 21; 878 NW2d 790 (2016).

At trial, defendant attempted to admit bank statements purportedly showing that plaintiff held significant undisclosed assets in an account with GT Bank in Nigeria. Defense counsel questioned plaintiff about the bank statements. Plaintiff admitted to having an account with GT Bank, but testified that he had not accessed the account since 2018 and did not recognize the statements as related to his bank account. Defendant argued that the bank statements were

-1-

admissible under the exception to the hearsay rule, MRE 803(6), as a record kept in the course of a regularly conducted business activity. The trial court denied the admission of the bank statements because defendant failed to lay a proper foundation for their admission. The trial court reasoned that defendant had not presented evidence to establish that the statements actually were statements from GT Bank reflecting activity in an account held by plaintiff, and thus were not admissible under MRE 803(6).

In defendant's brief on appeal, defendant states as her question on appeal that the trial court erred by refusing to admit the bank statements. However, in the argument portion of her brief on appeal, defendant does not argue that the evidence was admissible, but only that the trial court failed to consider the bank statements, which defendant argues established significant undisclosed assets. Defendant fails to address the trial court's ruling that the bank statements were inadmissible. An appellant's failure to adequately brief an issue constitutes abandonment of the issue, and an appellant's failure to address the basis of the trial court's decision relieves this Court of the duty to consider a challenge to that decision. *Seifeddine v Jaber*, 327 Mich App 514, 520, 522; 934 NW2d 64 (2019).

Nonetheless, we observe that the trial court in this case did not abuse its discretion by excluding the bank statements from evidence. The trial court correctly observed that defendant did not provide a proper foundation for the admission of the bank statements. Only relevant evidence is admissible. MRE 402. Here, the bank statements were relevant only if they pertained to defendant's bank account. Plaintiff testified that he did not recognize the bank statements, and did not believe that the statements related to his bank account. Defendant did not otherwise present a foundation concerning the source and accuracy of the bank statements.

We further observe that defendant did not demonstrate that the bank statements were admissible under an exception to the hearsay rule. Hearsay is a statement other than one made by the declarant while testifying at the hearing that is offered to prove the truth of the matter asserted, MRE 801(c), and generally is inadmissible. MRE 802. At trial, defendant argued that the bank statements were admissible under MRE 803(6), an exception to the hearsay rule known as the business records exception. The rule provides:[1]

> A memorandum, report, record, or data compilation, in any form, of acts, transactions, occurrences, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with a rule promulgated by the supreme court or a statute permitting certification, unless the source of information or the

---

[1] The Michigan Rules of Evidence were amended substantially effective January 1, 2024. MRE 803 was again amended effective April 11, 2024. We cite the version of the evidentiary rules in effect at the time of trial in this case.

method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit. [MRE 803(6).]

In addition, records can be admitted into evidence if they are self-authenticating. MRE 901(a). According to MRE 902:

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

\* \* \*

(11) The original or a duplicate of a record, whether domestic or foreign, of regularly conducted business activity that would be admissible under rule 803(6), if accompanied by a written declaration under oath by its custodian or other qualified person certifying that

(A) The record was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

(B) The record was kept in the course of the regularly conducted business activity, and

(C) It was the regular practice of the business activity to make the record.

In this case, defendant did not establish that the bank statements were records compiled and kept in the ordinary course of business by presenting a recordkeeper or other qualified witness to testify, see MRE 803(6), nor did defendant establish that the bank statements were self-authenticating under MRE 902(11). The trial court did not abuse its discretion by denying the admission of the bank statements into evidence having correctly found that there had been no demonstration that the bank statements were authentic and trustworthy.

## II. REAL ESTATE IN NIGERIA

Defendant also contends that the trial court erred by failing to consider plaintiff's real estate in Nigeria when dividing the parties' assets, leading to an inequitable division of property. When reviewing a trial court's property division in a divorce case, we first review the trial court's findings of fact for clear error. *Butler v Simmons-Butler*, 308 Mich App 195, 208-209; 863 NW2d 677 (2014). A finding is clearly erroneous if, upon review of the entire record, we are left with a definite and firm conviction that the trial court made a mistake. *Id*. at 208. If this Court upholds the trial court's findings of fact, we then decide whether the trial court's dispositive ruling was fair and equitable in light of the facts, and we will affirm the trial court's dispositional ruling unless this Court is left with the firm conviction that the division was inequitable. *Id.*

Contrary to defendant's argument on appeal, the trial court considered defendant's assertion that plaintiff owned real property in Nigeria, as well as plaintiff's assertion that defendant

owned real property in Nigeria. The trial court ruled, however, that the evidence proffered at trial did not support a finding that either party owned real property in Nigeria. Defendant based her assertion that plaintiff owned property in Nigeria on memo designations of "real estate purchase" that plaintiff attached to certain bank transfers from plaintiff's Chase Bank accounts. However, plaintiff denied an ownership interest in any property in Nigeria. Plaintiff testified that when he signed into his online Chase Bank account to set up the transfers of the funds in question, he chose the memo designation "real estate purchase" randomly from the drop down menu to complete the transaction.

When questioning plaintiff at trial, defendant presented Chase Bank statements related to plaintiff's account showing various transactions with the memo designation of "real estate purchase." One transaction was dated April 28, 2020, for $9,020, and two transactions dated August 11, 2020, and August 12, 2020, each were for $10,020. Plaintiff testified that he had borrowed money from a friend and that these transactions were repayments for the loans. Regarding a transaction dated August 24, 2020, for $25,000 designated as a real estate purchase, plaintiff explained that he helped a friend who lived in Nigeria send $24,960 to the friend's daughter in Toronto. Regarding a transfer to Toronto Dominion Bank, dated March 29, 2021, in the amount of $25,000 and designated as a real estate purchase, plaintiff testified that he performed this transaction for a friend who was moving to Toronto.

The trial court considered the bank statements and plaintiff's testimony and concluded that there was no credible evidence to contradict plaintiff's testimony that he did not own any real property in Nigeria in light of the parties' modest incomes and the lack of evidence contradicting his testimony. The trial court noted throughout its opinion its belief that the parties were not entirely truthful, and that it was left with "the firm conviction that the parties made little effort to testify truthfully regarding a number of important issues." We find nothing in the record to contradict the trial court's findings, and we give special deference to the trial court's findings of the witnesses' credibility. *Seifeddine*, 327 Mich App at 516. Finding no error in the trial court's findings, we affirm the trial court's division of property as fair and equitable in light of the facts.

Affirmed.


/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ James Robert Redford

-4-